313-0190 People of the State of Illinois Applied by Judith Kellett v. Matthew Edwards Appellant by Brian Kohut Mr. Kohut May I please report? Good morning, Your Honor and Counsel. My name is Brian Kohut. I'm an Assistant Appellate Defender with the Office of the State Appellate Defender and I represent Mr. Matthew Edwards, the defendant in this criminal matter. Following a stipulated bench trial, Matthew is convicted of one count of first-degree murder and one count of attempt first-degree murder and sentenced to a 90-year term of imprisonment. Before this court, he raises four issues, whether his statement should have been suppressed, whether the circuit court failed to hold a hearing after finding a bona fide doubt of fitness, whether his sentencing was constitutional, and a custody credit issue. Before this court today, I would like to focus on the third issue, whether his sentence was constitutional. Of course, I'll field any questions this court may have on the other issues. And your argument? Any way you choose. Thank you, Your Honor. Matthew, he's a 17-year-old offender. He was sentenced to 90 years in prison. The convergence of several sentencing statutes in this case require that he will serve 90 years of that sentence. He'll have to serve 80 years of that sentence. He'll be 97 years old when he's up for parole. This results from several different mandatory minimums in this case. The minimum for first-degree murder is 20 years, plus a 25-year add-on for the use of a firearm. The minimum for attempt first-degree murder is six years, plus a 25-year term of imprisonment. They're mandatory consecutive. He has to serve 100% of his first-degree murder conviction. He has to serve 85% of his attempt murder conviction. So the mandatory minimum in this case is 76 years. Of that 76 years, he will have to serve 71 years. He will not be eligible for parole until he's 88 years old. This is a de facto life sentence. The 17-year-old offender, however, even given the minimum, he's doomed to die in prison here. But under Miller v. Alabama, the United States Supreme Court stated, held, that a mandatory life term of imprisonment cannot be imposed for a juvenile offender. It's unconstitutional under the 8th Amendment. But the Supreme Court didn't say you can't sentence a juvenile of life in prison. It said it can't be mandatory. That's correct. It cannot be a mandatory life term of imprisonment. It would have the discretion to sentence a juvenile to a mandatory life term. And here the trial judge didn't sentence the defendant to the minimum term. That's correct, Your Honor. The trial judge sentenced Matthew to 90 years imprisonment. So let's suppose the minimum was 50 years. And he sentenced him to 70. Since he didn't sentence him to the minimum term, what's the difference? What the minimum was since he didn't get the minimum? In other words, if the trial judge said, look, I've got no discretion here. This is the lowest I can go. I think that might raise some constitutional issues if it turns out to be a de facto life sentence. But here the trial judge didn't give him a minimum term. And why should we conclude that the trial judge would have given him any lesser sentence had the minimum term lasted? Well, the mandatory minimum here is 76 years. And that's a mandatory life term of imprisonment. But he gave him 90 years. Right. The trial judge did give him 14 years over the minimum. That is correct. But she had no discretion to give him anything under 76 years. But even if she had, since she gave him 90, why would you think that had she had discretion to give him less than 76, that she would have? Well, there was really no argument in this case. The state just said the minimum is 76 years and they didn't even ask for a sentence. The defendant got up and there was a two-paragraph argument stated that he was youthful and that he was provoked by his co-defendant, Jason Orozco, in this case. And it didn't recommend a minimum sentence. The judge just said, okay, I'm going to give him 90 years. It wasn't based on any, the judge failed to take into account his rehabilitative potential. Well, okay. But just, I just want to, are we talking about the judge abusing her discretion or are we talking about the sentence being unconstitutional because of Miller? The sentence is unconstitutional here under Miller. It's not an abuse of the circuit court's discretion here. That's not the argument that Mr. Edwards is making. Mr. Edwards is arguing that it's unconstitutional because it's a mandatory minimum life term of imprisonment here. The judge has no discretion to go below 76 years. But how do you deal with the point that the judge didn't give him the minimum? Well, then if this court finds that it's unconstitutional, it should go back where the circuit court can impose something above the minimum so long as that minimum is not a life term. Here, she could have given him, you know, a hundred years, but so long as that life term is 76 years, she does not have the discretion to go below that mandatory minimum life term. I'm sorry, the mandatory minimum of 76 years, she has no discretion to go below that minimum here. Yeah, but she's got discretion to go above it. She has discretion to go above it. Oh, yes, absolutely. And she exercised her discretion to go above it. Well, yeah, but she didn't get 76, he got 90. Well, we don't know if she would have given him 90 if the minimum was 26. Maybe she would have given him 14 years over the minimum. It could have been 40 years. You think that's the way she came up with it? Well, we'll figure out what's the minimum and I'll add 14 to it? Perhaps, Your Honor. I mean, there's really no discussion on the record here. And there is no indication that the circuit court took into account his youth, his impetuosity, those factors that are cited in Miller that the circuit court needs to take into account when imposing a sentence on a juvenile offender. Well, let me understand your argument. Are you saying if the statute is unconstitutional, it goes back and a sentence of less than 76 could be imposed? Well, the argument here is the convergence of these several statutes makes the sentence unconstitutional under Miller. So what are you hoping will happen? Under 76 or something 76 and a little bit more? Well, I'm asking that this court remain the case for the circuit court to impose a discretionary sentence. It should be briefed before the circuit court judge and then we can discuss it upon review after the sentence is imposed, a constitutional sentence is imposed. But if you're asking my opinion as to what it should be. No, I'm just trying to understand what relief you are seeking. How do you define juvenile? I'm sorry? How do you define juvenile? The same way the United States Supreme Court does it. A minor, anybody under the age of 18. And that's Graham and it's cited in Miller. So they've made a line. They've said, well, relatively arbitrary, but this is the line that society has invoked. So it's at 18 years. This didn't begin as a juvenile proceeding? Because the juvenile court has exclusive jurisdiction, 18 and under. Well, it makes no difference that this did not arise in the juvenile court in the first place. It's a 17-year-old offender. He's a minor under the United States Constitution, under the holdings of the United States Supreme Court. Graham specifically. And that's cited in Mr. Edwards' brief. Let's suppose that the sentence could have been 60 to life. And the judge had sentenced the defendant here to life. Would the argument be the life sentence because he's 17 is unconstitutional or would I would be arguing that in that specific instance, the hypothetical that you proposed, 60 to life, I would say that's an abuse of discretion. That would be the argument to be made. Here it's the mandatory minimum of life of 76 years, a de facto life sentence that makes that sentence constitutionally unconstitutional. As you said, it's a convergence of several of these statutes. So which one of these statutes is unconstitutional? Well, it is, as I stated, a convergence of the separate sentencing statutes that result in a sentence being unconstitutional. It's as applied to this specific offender that was under the age of 18. So it's just as applied? That's correct, Your Honor. Yes. But how do we stay with a straight face that as applied to your client, it was unconstitutional because of this minimum when the judge exercised her discretion to exceed the minimum? But it's the minimum that is unconstitutional here. The judge has no discretion to consider those mitigating factors of his youth that his family background, those factors that are cited in Miller that a sentencing judge should consider, must consider when imposing a sentence on a juvenile offender. Here, she has no discretion to go anywhere below that 76-year sentence. But she had discretion to go above it, and she did it. She does. So what factors do you reckon got her there? She stated on the record that the fact that he was the shooter and he left the scene. Those are the two factors she cited. But she never discussed his youth or his family background or any of the other factors that the Miller court required that the circuit courts discuss when imposing the sentence. I mean, this young lad executed one fellow and tried to execute his girlfriend, right? The bullet didn't go where I guess he thought it was going to go through the pillow, right? I mean, this was an execution and an attempted execution. But still, the court still has to take into account his youth at the time, the circumstances of the offense, and you're describing it as an execution. However, there's evidence in the record that shows that he was under the pressure, under the influence of his buddy, Jason Orozco, who was a 25, 26-year-old prior felon. But the defendant here was the one with a gun in his hand. That is accurate. And it should be, the court can take that into account. I'm not saying that the court cannot take that into account. But the court must be able to take into account his youth, his background, the circumstances of the offense, and be able to impose a sentence that is not a life sentence. Here, she has no discretion to do anything but impose 76 years or more. What's the minimum class? Six. So, why isn't that, let's say you've got a 16-year-old or 15-year-old, and it's what, six to 30? Yes. And the trial judge is a 15-year-old, and the trial judge gives the kid seven years. And you say, well, you had to give him six. And as a youthful offender, why isn't the six years, that's a life sentence? It is not, because a six-year sentence to a 16, 17, 15-year-old offender is not a life sentence. A 76-year sentence to a 17-year-old offender is a life sentence. And that's under militarism. Right, I agree, but the United States, a de facto life sentence. But they just said, and again, well, I guess we beat this horse to death. I'm just having trouble, I mean, it would make more sense to me if the trial judge had said, look, I'd like to go below 76, and I really think this defendant, it ought to be below 76 because of all these factors, but the law won't let me do it. That might be more persuasive to this court, but it's still, it's a 76-year, I'm sorry, it's a 76-year minimum. That's a life sentence. And you made a distinction between an 18-year-old and a 19-year-old. Yes, it's a life sentence to an 18-year-old and a 19-year-old, but that is not a juvenile offender. And that's not the holding of Miller v. Alabama. That only applies to juveniles. It does not apply to 18-year-olds and 19-year-olds. And in that instance, maybe we'd be arguing that the sentence is excessive, based on the circumstances of that 18- or 19-year-old that we have a minor, and it's a 76-year sentence. It's a mandatory life term of imprisonment. Thank you, Your Honor. And one other thing that I would like to say, the holding of Miller v. Alabama, they said that any sentence has to allow that minor a meaningful opportunity for release within his lifetime. A 76-year sentence, or a 90-year sentence, or a 76-year sentence, and that's the basis of this argument. The mandatory minimum is unconstitutional. So the trial judge should have a discretion to go below that mandatory minimum life sentence. He has no meaningful opportunity for release in his lifetime. He's doomed to die in prison. And that under Miller is unconstitutional. But my guess is if the mandatory minimum were 20 years, he was going to die in prison because this judge exceeded the mandatory minimum, right? I mean, if the mandatory minimum is 20 years, then we don't have a constitutionality question. It's not a constitutional issue. It's a question of whether she abused her discretion in imposing that life sentence. And she has the discretion to impose a life sentence, just as long as she has the discretion to oppose a non-life sentence. And that's Miller, Your Honor. So, Mr. Edwards, respectfully request that this court remain in its clause for resentencing. Thank you. And again, to do that, we've got to hold these statutes unconstitutional as applied. As we've argued, it's the convergence of these statutes that makes it unconstitutional, makes his sentence unconstitutional. It would be nice if the legislature would draft something that follows Miller's holding, that states a juvenile offender is eligible for parole after 25 years. But they haven't done that yet. But we've got to tell the trial judge what to do. And so, if we send it back to the trial judge and say, okay, I still got these three statutes and those folks up at the appellate court got it, what do they expect me to do? Of course, if we hold something unconstitutional before it gets back to the trial court, it's going to Springfield. Guidance for the circuit court in this instance, I think this court should remand it. I think this court should remand it. And in my personal opinion, what I think should happen is the circuit court should not apply the sentence enhancements, the firearm enhancements, which would allow it to sentence Mr. Edwards between 26 and 90 years imprisonment. It would be a constitutional sentence, and she could still impose that 90-year term if she really wanted to. Well, why wasn't it briefed the first time around? Because this is a constitutionality argument, Your Honor. It's not an excessive sentence. It should go back for resentencing. Why didn't the defense counsel make that argument? He didn't make the Miller argument for the circuit court. That's correct. But it can be raised in this court because it's a question of constitutionality, of statute. Thank you. Ms. Kelly. Thank you. May it please the court, counsel? I agree that it's very difficult to figure out what would be unconstitutional in this case. Each statute by itself is constitutional. The legislature sets the appropriate terms. The legislature has done so. And the trial judge followed the legislature here. The defendant proceeded to a stipulated bench trial. He was found guilty of the charged defenses. The charged defenses carry mandatory minimums. He was also charged with being the person who personally discharged the weapon that resulted in death and great bodily harm. And he was found guilty of that. And then the statute requires the mandatory add-on. And finally, because there was great bodily harm involved, there was a requirement that the terms be served mandatorily, consecutively. And it was a convergence of the statutes that ended up in the sentence that he has. That does not make the statutes unconstitutional. The reason this wasn't brought up below was because, of course, nobody below considered him to be a juvenile. He was 17 years old. And until January of 2014, he was considered to be an adult and treated as an adult. The trial judge followed the law. The sentence is not unconstitutional. Our Supreme Court has been dealing with this issue in the context in which it more often comes up, which would be a person under the age of 17 who's charged. And the Supreme Court has recently, again, in October after this case was briefed, in the context of a automatic transfer statute, reaffirmed that the court has unanimously declined to expand the narrow ruling, Graham, to all juveniles sentenced to life without parole for homicides. If, in fact, our court has not extended Graham to reach the issue of juveniles who are sentenced to life without parole. In this case, of course, it was not a life sentence without parole. It was a series of years. The Supreme Court has yet declined to find a statutory scheme with enhanced and mandatory consent unconstitutional. And this court should not do so. One question I did want to answer is I think that the trial judge was very familiar with the facts of the case and no one saw the need to go over them at the time of sentencing. The trial judge had the victim impact statement in front of her at the time of sentencing and that was something that she certainly took into consideration. Again, what I'm trying to understand is what's the difference what the mandatory minimum was if the judge didn't give the defendant the mandatory minimum? That's correct. People disagree with the defendant's position. And in this case, as Your Honor pointed out, regardless of what the mandatory minimum had been, if the mandatory minimum was four years for the murder and six for the attempt murder, she still could have given a 90-year sentence and did so. And the defendant has not argued that the sentence is excessive. But I think that your learned opponent's position is the trial court only added 14 years to the mandatory minimum. So based on your example, adding 20 to six, I think is your example, plus 14 would not be the equivalent of a natural life sentence. No, it would not. And we don't even know what a de facto life sentence is, of course, because judges are not supposed to consult. I think I understand the argument to be that when you give a trial court a mandatory minimum and they add on a very small additional sentence based on the circumstances, maybe the mandatory minimums are operating to create a natural life sentence. How do you address that? I understand that that is his argument, yes. How do you address that? The defendant was convicted of more than one offense, and the defendant was convicted of conditions that existed in more than one offense. And statutes address an individual crime, and that was the case here. The fact that the defendant's conduct constituted more than one offense, and therefore the sentences got added on, does not render the sentences unconstitutional. The fact that the legislature has imposed a mandatory minimum for various offenses does not render those statutes unconstitutional. And it's important to keep in mind that this judge, in fact, exceeded what the legislature put as the mandatory minimum, and probably would have even if the mandatory minimum had been lower. I would just ask this court to affirm the defendant's sentence. I understand that the Supreme Court is struggling with this issue as well in the case of juveniles under the age of 17 who have been involved in mandatory transfer. Those issues are still pending before our Supreme Court. But I believe that this court should affirm the sentence imposed in the instant case. All right. Thank you, Ms. Kelley. Mr. Kohut to rebuttal. Just briefly, Your Honors. The argument here is the sentencing scheme. Convergence of these several statutes renders this individual sentence unconstitutional. So it's the scheme itself. Is that as applied or are you backing away from that? No, no, no. It's as applied to this specific individual. It's the sentencing scheme. The convergence of these several statutes as applied to this individual. And that's the holding of Miller. That's the same instance that happened there. It was a sentencing statute that was applied to the individual and it was unconstitutional as applied. There's several out-of-jurisdiction cases cited in Mr. Edwards' opening brief where the convergence of several sentencing statutes, they found it was unconstitutional under Miller because it amounted to either a life sentence or a de facto life sentence. And those are Caballero, Ragland, and Brown all cited in Mr. Edwards' opening brief. And then two other points I would like to make. The circuit court judge here, she could have given him a life sentence. She didn't. She chose to give him 14 years above the minimum. A life sentence without the possibility of parole was an available sentence to this circuit court based on the use of the firearm for the first degree murder offense. She did not give him that sentence. She gave him 14 years  of parole, which in the circuit court's consensus is a de facto life sentence. And then finally, Your Honors, the state is arguing that the Illinois Supreme Court is struggling with this specific question. Those are automatic transfer statute issues. In those arguments, the offender has the opportunity to be, a meaningful opportunity to be released within his lifetime. The minimums in those cases, the sentences, the minimums are 20 years, 25 years, 30 years. Here, the minimum available sentence is 76 years. He has no opportunity, no meaningful opportunity for release in his lifetime. The transfer statute, how is that? It's unrelated to this issue. It's two separate issues, Your Honor. But of course, you recognize, at the time the crime was committed, at the time he was tried, he was an adult under Illinois law. That's correct. He was tried, yeah. He was subject to the criminal code. He was a 17-year-old offender. But under the United States Constitution, the United States Supreme Court has said that that's, he's a minor. I think they use the term minor. The Supreme Court uses the term minor to distinguish between 17 and 18-year-old offenders. It's an interesting issue. It really is. Thank you. Thank you both for your arguments here this morning. The matter will be taken under advisement. As indicated before, Justice Holbrook will be participating, and a written disposition will be issued. Thank you, and we'll be in a brief recess for a panel change before the next case.